UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DENNIS LEE MAXBERRY,  ) | CASE NO. 1:13 CV 398 |
| ) | |
| Plaintiff, ) | JUDGE JAMES S. GWIN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| PROGRESSIVE INSURANCE CORPORATION, ) | AND ORDER |
| ) | |
| Defendant. ) | |

On February 25, 2013, plaintiff *pro se* Dennis Lee Maxberry filed this *in forma pauperis* action under 42 U.S.C. § 1983 against Progressive Insurance Corporation ("Progressive"). While the complaint is unclear, Mr. Maxberry appears to allege he was involved in an automobile accident in Milwaukee, Wisconsin on January 17, 2013. He asserts Progressive violated his constitutional rights by defaming him. He also makes a generalized claim of violation of "rights that may be protected by the laws of Wisconsin and Ohio, such as false credit testimony, mayhem on property, defamation, false incrimination, malicious prosecution, conspiracy, and/or any Consumer laws with other claims that may be supported by the allegations of this complaint." Complaint, p. 4. For the reasons stated below, this case is dismissed.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or

fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009).  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*

To establish a prima facie case under 42 U.S.C. § 1983, Mr. Maxberry must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).  Generally to be considered to have acted "under color of state law," a defendant must be a state or local government entity, official or employee.  Progressive is a private corporation, not a public entity. A plaintiff cannot assert a claim under § 1983 against a private party based on private conduct "no matter how discriminatory or wrongful" the party's conduct may have been. *Tahfs v. Proctor*, 316 F.3d 584 (6th Cir.2003).  A private party can only be liable under § 1983 if its actions may be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982). There are no allegations of such actions on the part of Progressive.

Thus, even construing the complaint liberally in a light most favorable to the plaintiff, *Brand*

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without  service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

*v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid against Progressive under § 1983.  Further, there are no facts set forth that could, under the above *Twombly/Iqbal* standard, support a claim under any of the other legal theories Mr. Maxberry identifies.  *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, the request to proceed *in forma pauperis* is granted, and this action is dismissed under section 1915(e).  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


Dated: March 21, 2013               *s/     James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE